**GUCOVSCHI LAW FIRM, PLLC**
Adrian Gucovschi (State Bar No. 360988)
Nathaniel Haim Sari (State Bar No. 362634)
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 884-4230
E-Mail: adrian@gucovschilaw.com
           nathaniel@gucovschilaw.com

Frank S. Hedin (SBN 291289)
**HEDIN LLP**
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-Mail: fhedin@hedinllp.com

*Attorneys for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POOJA PRAKASH**,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAYFAIR LLC,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) UNFAIR COMPETITION<br>(2) FALSE ADVERTISING<br>(3) VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT<br>(4) NEGLIGENT MISREPRESENTATION<br>(5) INTENTIONAL MISREPRESENTATION<br>(6) BREACH OF CONTRACT<br>(7) BREACH OF EXPRESS WARRANTY<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

1

2    Plaintiff Pooja Prakash ("Plaintiff") brings this action on behalf of herself and all others

3    similarly situated against Defendant Wayfair, LLC ( Defendant").  Plaintiff makes the following

4    allegations pursuant to the investigation of her counsel and upon information and belief, except as to

5    allegations specifically pertaining to herself and her counsel, which are based on personal

6    knowledge.

7    **INTRODUCTION**

8    1.    Defendant Wayfair LLC ("Defendant") sells furniture, mattresses, home décor,

9    lighting, rugs, bedding, kitchen products, and other home furnishings through its e-commerce

10    website, www.wayfair.com (the "Website"), and mobile applications.

11    2.    Defendant's business model relies heavily on price-comparison advertising to sell

12    products. The products in question in this case are those that Defendant advertises for sale on its

13    Website at prices listed alongside higher strikethrough prices, with representations that the listed

14    price represents a limited-time "sale" or a substantial percentage-off discount (*e.g.,* "34% Off") from

15    the purportedly regular strikethrough price (the "Products"). In reality, however, Defendant does not

16    regularly sell, and has not recently sold, the Products at the higher strikethrough prices that it lists

17    on its Website alongside the purported "sale" or percentage-based discounted prices for these

18    Products. Rather, Products sold on Defendant's <u>Website are either always or almost always offered</u>

19    <u>at the purported "sale" or discounted prices, and either never or almost never at the strikethrough</u>

20    <u>prices.</u>

21    3.    The strikethrough prices listed for Defendant's Products are thus false reference

22    points intended to make the Products appear like unusually good, limited-time bargains at the

23    advertised "sale" or discounted prices. In so doing, Defendant violates California's and the FTC's

24    prohibitions on false advertising and misleading pricing.

25    4.    For the foregoing reasons, Plaintiff brings this action individually and on behalf of

26    all consumers who, within the applicable statute of limitations period up to and including the date

27    of judgment in this action, purchased Products from Defendant at prices that purported to represent

28    discounts off of falsely represented strikethrough prices.  Based on Defendant's unlawful conduct,

Plaintiff seeks damages, restitution, declaratory relief, injunctive relief, and reasonable attorneys' fees and costs, for: (1) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (2) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (4) breach of contract; (5) breach of express warranty; (6) negligent misrepresentation; and (7) intentional misrepresentation,

## PARTIES

5.      Plaintiff Pooja Prakash is a citizen of California and is domiciled in Rancho Cordova, California.

6.      Defendant Wayfair LLC is a limited liability company incorporated in Delaware that maintains its principal place of business at 4 Copley Place, Boston, Massachusetts 02116. Defendant is responsible for the promotion, advertising, and/or marketing of the Products and owns and operates the Website. Defendant sells – and, at all times during the Class Period, sold – the Products in California and has done business throughout California and the United States.

7.      Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including, without limitation, any officer, director, employee, supplier, or distributor of Defendant who has knowingly and willfully aided, abetted, and/or conspired in the false and deceptive conduct alleged herein.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because: (a) the proposed Class consists of at least 100 members; (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (c) minimal diversity exists because at least one member of the proposed Class is a citizen of a state different from Defendant. Defendant's sales exceed over $10 billion dollars per year.[1] With a vast majority

---

[1] See IRS Form 10-Q, Wayfair Inc., Sept. 30, 2025, https://www.sec.gov/Archives/edgar/data/1616707/000161670725000127/w-20250930.htm#i970c164e3a3f496f86f9e1aefbfadba6_19

of its offers being sold at a discount, the at-issue Products exceed the amount in controversy both nationwide and in the State of California.

9.     This Court has personal jurisdiction over Defendant because Plaintiff purchased Defendant's Products from her home in California and received the purchased Products from Defendant at her home in California, such that a substantial part of the events giving rise to Plaintiff's claims occurred in California. Further, Defendant purposefully directed marketing and advertising of its Products into California, and purposefully made the statements and omissions concerning the prices of the Products at issue in this case to consumers in California, including to Plaintiff while she resided in and was present in California.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this judicial District and because a substantial part of the events giving rise to Plaintiff's claims took place in this judicial District.

## FACTUAL ALLEGATIONS

### A.     Introduction.

11.     Advertised "sale" prices are important to consumers. Consumers are more likely to purchase an item if they believe that they are getting a good deal. Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else. California law provides clear guidelines as to permissible and unlawful sales tactics:

12.     While there is nothing wrong with a legitimate sale, a fake one—that is, one with misleading regular prices and deceptive discounts—is illegal.

13.     Section 17500 of California's False Advertising Law prohibits businesses from making statements they know or should know to be untrue or misleading. Cal. Bus. & Prof. Code § 17500. This includes statements falsely suggesting that a product is on sale when it actually is not.

14.     Moreover, section 17501 of California's False Advertising Law provides that "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising. Cal. Bus. & Prof. Code § 17501. So, in addition to generally prohibiting untrue and misleading fake discounts,

California's False Advertising Law also specifically prohibits this particular flavor of fake discount (where the advertised former price is not the prevailing price during the specified timeframe).

15.    In addition, California's Consumers Legal Remedies Act prohibits "advertising goods or services with intent not to sell them as advertised" and specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions." Cal. Civ. Code § 1770(a)(9), (13).

16.    The Federal Trade Commission's regulations also prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price. 16 C.F.R. § 233.1. They also prohibit false or misleading "retail price comparisons" and "comparable value comparisons," for example, ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case. 16 C.F.R. § 233.1.

17.    As numerous courts have found, fake sales violate these laws. They also violate California's general prohibition on unlawful, unfair, and deceptive business practices. See Cal. Bus. & Prof. Code § 17200.

**B.    Overview of Defendant's False Discounts.**

18.    Defendant is a leading e-commerce furniture retailer. Defendant owns and operates the website at www.wayfair.com (the "Website") and mobile applications, through which it sells purportedly discounted products (the "Products") to consumers.

19.    Specifically, Defendant presents purported discounts using higher strikethrough pricing (*e.g.*, "$449.99"), accompanied by a percent-off claim (*e.g.*, "70% Off"). Defendant reinforces these representations by labeling the lower price as "sale," designed to convey urgency and savings. Although Defendant's sales are always changing, one thing remains constant, they are perpetually available:



*Captured 1/26/2026*



Captured 12/21/2025



Captured 11/21/2025

Captured 10/15/2025



Captured 9/23/2025



Captured 8/25/2025



Captured 7/15/2025

Captured 7/27/2025

Captured 6/2/2025

20.    In addition to its never-ending seasonal advertising, Defendant employs strikethrough pricing throughout its Products' listings:

1
2
3
4
5
6
7
8
9
10
11
12
13





★★★★☆ (15869)
Wayfair Sleep 6" Medium Cooling Gel Memory Foam Mattress
By Wayfair Sleep™
**$149.99** $349.99
Add to Cart

★★★★☆ (24915)
Wayfair Sleep 8" Medium Cooling Gel Memory Foam Mattress
By Wayfair Sleep™
**$206.99** $349.99
Add to Cart

★★★★☆ (32429)
Wayfair Sleep Plush Cooling Gel Memory Foam Mattress
By Wayfair Sleep™
**$356.99**
Add to Cart





★★★★☆ (4355)
Wayfair Sleep Plush Memory Foam Mattress
By Wayfair Sleep™
**$434.99** $619.99

★★★★☆ (6261)
ComforPedic Loft from Beautyrest Firm Gel Memory Foam Mattress
By ComforPedic Loft from Beautyrest

★★★★☆ (25186)
Wayfair Sleep Plush Cooling Gel Hybrid Mattress
By Wayfair Sleep™
**$255.99** $449.99

*Captured 1/26 /2026*





Perdue 81.5" Velvet Square Arm Convertible Sofa
By Mercury Row®
Black Velvet
★★★★☆ (24488)
**$369.99** $929.99
FREE Delivery
Add to Cart

Nyerere 123.24" Upholstered Sofa
By Latitude Run®
Beige Linen Blend
★★★★☆ (1029)
**$1,000.00** $1,160.00
FREE Delivery
Add to Cart

Seylow 81.5" Faux Leather Convertible Sofa
By Sand & Stable™
Camel Pebbled Faux Leather
★★★★☆ (1431)
**$379.99** $910.00
FREE Delivery
Add to Cart





Brooklington Upholstered Sofa
By Ebern Designs
Gray Polyester
★★★★☆ (1638)
**$409.99** $699.99
FREE Fast Delivery

Inayat 84" Upholstered Sofa
By George Oliver
Beige
★★★★☆ (387)
**$729.99** $999.00
FREE Full Service Delivery

MINIMORE Modern Style 91"W Wallas 3Seater Sofa
By Latitude Run®
Camel Boucle
★★★★☆ (547)
**$800.00** $1,499.97
FREE Delivery

*Captured 1/28 /2026*

21.     Each of these promotions implies that the discount is tied to a specific time frame or event and that after the event, the price may go back up. However, as soon as a sale period ends, another begins.

22.     By way of example, on January 8, 2026, the Website advertised a "New Year Super Sale" offer which purportedly "Ends Tonight":



23.     Yet on January 9, 2026, the Website started advertising a "Four-Day Flash Sale" – again with the same "70 Off" discount:



24.     Investigations using the Internet Archive's Wayback Machine[2] confirm that Defendant's "sale" messaging has been present virtually continuously every month over multiple years, simply rebranded for different seasons or promotions.

25.     Independent consumer advocacy reporting corroborates that Wayfair's "sale" pricing can be illusory. In reporting concerning Wayfair's "Way Day" promotion, Consumer World's

---

[2] https://web.archive.org/web/20250801000000*/www.wayfair.com (last accessed January 28, 2026).

MousePrint.org described a spot-check of Wayfair's promotional pricing and found that: (a) many items touted as deeply discounted did not return to the struck-through prices after the promotion ended, and (b) the claimed savings percentages were significantly higher than the savings reflected by typical pricing.[3] In another recent investigation, Consumer's Checkbook found that out of 21 products that it tracked for 5 weeks, 90% of those products were perpetually on sale.[4]

26.    In other words, rather than the "sale" being a true temporary reduction from a bona fide former price, the reporting indicated that Wayfair's sale presentation often functions as an inflated-anchor strategy: list a high reference price, show a lower "sale" price, claim a large percent savings, and maintain similar "sale" pricing even after the purported sale ends.

**C.    The Products' purported regular prices were not the prevailing prices during the 90 days preceding the discounts.**

27.    Defendant's use of strike-through reference prices is particularly misleading in practice because it is not apparent to consumers that the struck-through price may not reflect a bona fide former or regular selling price within the statutorily relevant lookback period.

28.    Specifically, Defendant's struck-through pricing for the Products was not the prevailing price during the 90 days preceding the advertisement of the purported discounts.

---

[3] https://www.consumerworld.org/pubs/wayfairprs.pdf

[4] https://www.checkbook.org/national/sale-fail/

1

2

3

4

5

6

7

8

9

10

11

12

13

29.    For example, on January 27, 2026, Defendant advertised Wayfair Sleep 10" Medium Memory Foam Mattress (the exact product Plaintiff purchased) on the Website with a 46% OFF discount and a strikethrough price of $244.99 ~~$449.99~~:



14

15

16

17

18

19

20

21

22

23

24

25

26

30.    On the same day, however, other retailers sold Wayfair Sleep 10" Medium Memory Foam Mattress with substantially similar pricing:



Captured 1/27/26[5]

27

28

---

[5] https://havenly.com/products/details/Wayfair-Sleep-10-Medium-Memory-Foam-Mattress-AllModern-92649510





Captured 1/27/26[6]

31.    Google shopping also shows that the product has been "[t]ypically" sold in the preceding three months in the range of "$284," which is at the price shown on the Website ($244.99) and nowhere near the purported strikethrough price ($449.99):



[6] https://www.allmodern.com/bedding/pdp/wayfair-sleep-10-medium-memory-foam-mattress-a001247114.html?piid=395571441

32.     Defendant's purported discounts are deceptive because they misrepresent: (a) the product's prevailing market price; (b) the product's value; (c) the size of the discount; and (d) the time-limited nature of the deal.

33.     As a result of this scheme, Defendant creates the false impression that consumers are receiving substantial discounts off legitimate former prices, when in reality consumers are often paying prices that are routinely available, and the strike-through reference prices function as misleading anchors rather than true former prices.

**D.     Defendant's conduct violates California's ban on false sales.**

34.     California Business and Professions Code § 17501 prohibits advertising a "former" price unless the alleged former price was the prevailing market price within the preceding three months, or unless the advertisement clearly and conspicuously states when the former price prevailed. Defendant's advertising violates California Business and Professions Code § 17501 because the Products struck-through reference prices are presented as former prices but are not the prevailing prices during the required lookback period, and Wayfair does not clearly disclose when—if ever—the struck-through prices actually prevailed.

35.     Defendant's advertising also violates California's False Advertising Law (Bus. & Prof. Code § 17500) because the struck-through prices, discount percentages, and sale representations are untrue and misleading.

36.     Similarly, Defendant's advertising violates the CLRA (Civ. Code § 1770) because Defendant makes false or misleading statements about the existence and amount of price reductions, and advertises goods with the intent not to sell them as advertised—*i.e.*, not to sell them at the struck-through reference prices in any meaningful, time-bound way.

37.     Finally, Defendant's conduct also violates California's Unfair Competition Law (Bus. & Prof. Code § 17200) because its conduct is unlawful, unfair, and fraudulent.

**E.     Defendant's Deceptive Pricing Harms Consumers.**

38.     Defendant's false discounts harm consumers by misrepresenting price and value, inducing purchases that consumers would not otherwise make, and causing consumers to pay more than they otherwise would.

39.     A reasonable consumer attaches importance to Defendant's steep discounts, which imply huge savings and often trigger an urgent desire to buy now rather than later (to avoid missing out). As studies have found, "[n]early two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[7] And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[8] Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[9]

40.     Defendant's scheme deprives consumers of the benefit of truthful pricing information. It prevents consumers from accurately evaluating: (a) whether they are actually receiving a good deal; (b) whether to wait; (c) whether to comparison shop; and (d) whether the product is worth the price.

41.     Defendant's deceptive "discount" advertising also distorts the market by artificially increasing demand—because consumers are drawn to what they believe are unusually good deals.

42.     In short, Defendant's conduct injured Plaintiff and the Class members by: (a) inducing purchases that would not have occurred; (b) causing consumers to pay a price premium; and/or (c) causing consumers to accept products of lower market value than represented by Defendant's reference prices.

---

[7] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/

[8] PR Newswire, RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (Apr 25, 2018), https://www.prnewswire.com/news-releases/retailmenot-survey-deals-and-promotional-offers-drive-incremental-purchases-online-especially-among-millennial-buyers-300635775.html

[9] CXL, *How to Effectively Create Urgency in Sales (11 Best Ways),* (March 17, 2025), https://cxl.com/blog/creating-urgency/ (addition of a countdown timer increased conversion rates from 3.4%-10%); *see also* Upland Software, *Dynamic Email Content Leads to 400% Increase in Conversions for Black Friday Email* (Sep. 4, 2022), https://uplandsoftware.com/adestra/resources/success-story/dynamic-email-content-leads-to-400-increase-in-conversions-for-black-friday-email/ (400% higher conversion rate for email with countdown timer).

**F.    Plaintiff's Individual Experience.**

43.    On June 2, 2025, Ms. Prakash bought a Wayfair Sleep 10" Medium Memory Foam Mattress in Queen size from Defendant's website, www.wayfair.com. At the time, Defendant was running advertised "Flash Sales" with discounts available for up to "70% OFF." Defendant listed the regular price, or strikethrough price, of the Wayfair Sleep 10" Medium Memory Foam Mattress alongside the discounted price of $255.99 from a strikethrough price of $449.99 along with the statements "43% OFF" and "sale." As a result, Ms. Prakash believed that she was receiving a substantial discount from the advertised regular price, and that she was purchasing during a time-limited sale.

44.    Prior to making her purchase on June 2, 2025, Ms. Prakash reviewed Defendant's Website and saw that Defendant was advertising substantial, time-limited discounts. Plaintiff read and relied on the representations on Defendant's Website, including that the mattress had a regular price listed on the Website in strikethrough font, but was offered at a discounted sale price from that regular price, and that the sale was time-limited. A depiction of the discounts that Ms. Prakash saw and relied on, which are virtually identical both in layout and design, is shown above. *See supra* ¶¶ 19, 29.

45.    In reality, as explained above, Defendant's Products, including the mattress that Ms. Prakash purchased, are regularly available at a discount from the purported regular prices. Defendant did not regularly sell the mattress at the purported regular prices, and the product was not discounted as advertised. *See supra* ¶ 31. Moreover, the sales were not limited in time—Defendant's products are regularly on sale, with promotions running year-round. *See supra* ¶¶ 21-24.

46.    Based on Defendant's representations, Ms. Prakash reasonably understood that: (1) Defendant usually sold the mattress at the published regular price (shown in strikethrough font); (2) this regular price was the prevailing price and market value of the mattress; (3) she was receiving the advertised discount as compared to the regular price; (4) the advertised discount was only available for a limited time; and (5) the mattress would go back to retailing for the published regular price when the promotion ended. Ms. Prakash would not have made the purchase or paid as much

for the mattress, had she known that it was not discounted as advertised and that she would not be receiving the advertised discount.

47.    Ms. Prakash faces an imminent threat of future harm. She would purchase additional Wayfair Products in the future if she could feel sure that Defendant's regular prices accurately reflected Defendant's former prices and the market value of the Products, and that its discounts were truthful. But without an injunction, Ms. Prakash has no realistic way to know which, if any, of Defendant's regular prices, discounts, and sales are not false or deceptive. Accordingly, Ms. Prakash is unable to rely on Defendant's future advertising and, therefore, cannot purchase the Products she remains interested in.

**G.    Defendant Breached Its Contracts And Warranties.**

48.    Each time Plaintiff (and the Class members) purchased the Products from Defendant, a contract was formed.

49.    Defendant's offers included material pricing terms communicated at checkout and on product pages: that the consumer was purchasing the Products with a represented regular/market value (the strike-through reference price) at a discounted "sale" price, with represented savings.

50.    Plaintiff and the Class members accepted Defendant's offer and performed by paying for the Products.

51.    Defendant breached its contracts by failing to provide the benefit promised by its pricing representations—*i.e.*, a product whose regular/market value matched the strike-through reference price, and/or a genuine discount from that bona fide former price.

52.    Defendant also breached express warranties created by its written and online pricing affirmations on its Website, including that the Products had the represented value implied by the strike-through price and that the consumer was receiving a represented discount.

**H.    No Adequate Remedy at Law.**

53.    For her equitable relief claims, Plaintiff lacks an adequate remedy at law to address the unfair conduct at issue here. Legal remedies available to Plaintiff and Classes are inadequate because they are not equally prompt, certain, and in other ways efficient as equitable relief. Damages are not equally certain as restitution because the standard that governs restitution is

different than the standard that governs damages. Hence, the Court may award restitution even if it determines that Plaintiff fails to sufficiently adduce evidence to support an award of damages. Damages and restitution are not the same amount. Unlike damages, restitution is not limited to the amount of money Defendant wrongfully acquired plus the legal rate of interest. Equitable relief, including restitution, entitles Plaintiff to recover all profits from the wrongdoing, even where the original funds taken have grown far greater than the legal rate of interest would recognize. Legal claims for damages are not equally certain as restitution because claims under the FAL and UCL entail fewer elements. In short, significant differences in proof and certainty establish that any potential legal claim cannot serve as an adequate remedy at law.

54.    Equitable relief is also appropriate because Plaintiff may lack an adequate remedy at law if, for instance, damages resulting from their purchase of the Products are determined to be an amount less than the total expenditure in connection with the Products. Without compensation for the full price of the Product, Plaintiff would be left without the parity in purchasing power to which she is entitled.

## CLASS ACTION ALLEGATIONS

55.    Plaintiff brings this action on behalf of a class of similarly situated individuals, defined as follows (collectively, the "Classes"):

**Nationwide Class:** All persons in the United States who, within the applicable statute of limitations period, up to and including the date of final judgment in this action, purchased products on Defendant's website at prices that were falsely advertised as discounts off of the prices regularly charged for such products.

**California Subclass:** All persons in the State of California who, within the applicable statute of limitations period, up to and including the date of final judgment in this action, purchased products on Defendant's website at prices that were falsely advertised as discounts off of the prices regularly charged for such products.

56.     Specifically excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family.

57.     Plaintiff reserves the right to amend the definition of the Classes if discovery or further investigation reveals that the Classes should be expanded or otherwise modified.

58.     ***Numerosity.***  The Classes are so numerous that their individual joinder herein is impracticable.  On information and belief, the Classes comprise at least millions of consumers.  The precise number of the members of the Classes and their identities are unknown to Plaintiff at this time but may be determined through discovery.  The members of the Classes may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

59.     ***Commonality and Predominance.***  Common questions of law and fact exist as to all the members of the Classes and predominate over questions affecting only individual members. Common legal and factual questions include, but are not limited to: (a) whether Defendant's Products were sold at the strikethrough reference price within 90 days of Plaintiff and the Class members' purchases; (b) whether Defendant's sitewide discounts were genuine; (c) whether Defendant's conduct alleged herein violated California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*, California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*, and/or California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (d) whether Defendant's conduct alleged herein breached Plaintiff's and the Class members contracts and express warranties; (e) whether Plaintiff and the Class members are entitled to damages and/or restitution; (f) whether Defendant should be enjoined from further engaging in the misconduct alleged herein; and (g) whether Plaintiff and the Class members are entitled to attorneys' fees and costs under California Code of Civil Procedure § 1021.5.

60.     ***Typicality.***  The claims of Plaintiff are typical of the claims of the members of the Classes because, like other members of the Classes, she purchased one of the Products relying on the representations and omissions made by Defendant that the Product was being sold at a discount from its false reference pricing.

61.    *Adequacy*.  Plaintiff will fairly and adequately protect the interests of the members of the Classes.  Plaintiff has no interests antagonistic to the Classes' interests, and Plaintiff has retained counsel that has considerable experience and success in prosecuting complex class actions and consumer-protection cases.

62.    *Superiority.*  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, inter alia, the following reasons: prosecutions of individual actions are economically impractical for members of the Classes; the Classes are readily definable; prosecution as a class action avoids repetitious litigation and duplicative litigation costs, conserves judicial resources, and ensures uniformity of decisions; and prosecution as a class action permits claims to be handled in an orderly and expeditious manner.

63.    Defendant has acted or failed to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief with respect to the Classes as a whole.

64.    Without a class action, Defendant will continue a course of action that will result in further damages to Plaintiff and the Classes and will likely retain the benefits of its wrongdoing.

65.    Based on the foregoing allegations, Plaintiff's claims for relief include those set forth below.

<u>COUNT I</u>
**Violation of California's False Advertising Law**
**Bus. & Prof. Code §§ 17500 and 17501**
**(On Behalf of Plaintiff and the California Subclass)**

66.     Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

67.    Plaintiff brings this claim individually and on behalf of the members of the California Subclass against Defendant.

68.    California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state,  …in any advertising device … or in any other manner or means whatever, including over the Internet, any statement, concerning … personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and

which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

69.     The FAL further provides that "no price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price … within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement."  See Cal. Bus. & Prof. Code § 17501.

70.     Defendant has violated Sections 17500 and 17501 of the California Business and Professions Code.

71.     Defendant has violated, and continues to violate, section 17500 of the Business and Professions Code by disseminating untrue and misleading advertisements to Plaintiff and the members of the California Subclass.

72.     As alleged more fully above, Defendant advertises purported former prices along with discounts for the Products. Defendant does this by crossing out a higher price and displaying it next to a lower, discounted price, and by representing that the purported price reduction represents a specific percentage discount "off" the Products. Defendant also advertises false seasonal themes and fake countdown timers to create a sense of urgency. Reasonable consumers understand time-limited discounts and strikethrough pricing as indicating the "former" and "regular" prices—*i.e.*, the amounts charged by Defendant before the temporary discount was implemented and those to be reinstated afterward.

73.     The strikethrough prices advertised by Defendant are not the regular prices for the Products because Defendant rarely, if ever, charges the higher regular prices it advertises. Moreover, for the same reasons, the strikethrough price was not the true former price of the Products, given the existence of perpetual sales on Defendant's Website.  Accordingly, Defendant's statements about the former prices of its Products, and its statements about its discounts from those former prices, were untrue and misleading.  In addition, Defendant's statements that its discounts were available for a limited time (*e.g.*, "Spring Sale" and by using

countdown times) were also false and misleading and were designed to give consumers a sense of urgency when, in fact, the purported sales price is perpetually available.

74.    Furthermore, Defendant has violated, and continues to violate, section 17501 of the FAL by advertising former prices for the Products that were not the prevailing market price within three months immediately preceding the advertising.  As explained above, Defendant's advertised regular price for the Products, which reasonable consumers would understand to denote its former price, was not its prevailing market price within three months preceding publication of the advertisement.  And Defendant's former price advertisements do not state clearly, exactly, and conspicuously when, if ever, the former prices prevailed.  Defendant's advertisements do not indicate whether or when the purported former prices were offered at all.

75.    Defendant's actions in violation of the FAL, as described herein, were false and misleading, such that the general public is and was likely to be deceived.

76.    Plaintiff and the members of the California Subclass were not aware of Defendant's false discounts at the time they purchased the Products.

77.    As such, Plaintiff and the members of the California Subclass saw, read, and reasonably relied on Defendant's statements and omissions to their detriment.

78.    In addition, class-wide reliance can be inferred because Defendant's representations were material, *i.e.*, a reasonable consumer would consider them important in deciding whether to purchase the Products.

79.    Defendant's representations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the members of the California Subclass.

80.    Plaintiff and the members of the California Subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known the discounts and/or regular prices were not real, (b) they overpaid for the Products because they were sold at a price premium due to the misrepresentation, and/or (c) they did not receive the discounts they were promised, and received Products with market values lower than the promised market values.

81.     Plaintiff and the members of the California Subclass seek restitution, an injunction, attorneys' fees, and all other relief that the Court deems proper.

**COUNT II**
**Violation of California's Consumer Legal Remedies Act**
**Civ. Code § 1750, *et seq.***
**(On Behalf of Plaintiff and the California Subclass)**

82.     Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

83.     Plaintiff brings this claim individually and on behalf of the members of the California Subclass against Defendant.

84.     Plaintiff and the members of the California Subclass are "consumers" within the meaning of Cal. Civil Code § 1761(d) in that Plaintiff and the California Subclass members sought or acquired Defendant's goods and/or services for personal, family, or household purposes.

85.     Defendant's selection and/or service offers and the other products pertaining thereto are "goods" and/or "services" within the meaning of Cal. Civil Code § 1761(a) and (b).  The purchases by Plaintiff and the California Subclass are "transactions" within the meaning of Cal. Civil Code § 1761(e).

86.     The acts and practices of Defendant as described above were intended to deceive Plaintiff and the California Subclass as described herein, and have resulted, and will result, in damages to Plaintiff and the California Subclass.  These actions violated, and continue to violate, the CLRA in at least the following respects: (a) Defendant's representations and omissions about the nature of the Products' discounts conveyed that they have characteristics, uses, and/or benefits, which they do not, in violation of Cal. Civil Code §1770(a)(5); (b) Defendant's acts and practices constitute the advertisement of the goods in question without the intent to sell them as advertised, in violation of Cal. Civil Code § 1770(a)(9); and (c) Defendant's acts and practices constitute "false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions," due to its false strikethrough prices and fake limited-duration sales of the Products in violation of Cal. Civil Code § 1770(a)(13).

87.     Plaintiff and the members of the California Subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known the discounts and/or regular prices were not real, (b) they overpaid for the Products because they were sold at a price premium due to the misrepresentations, and/or (c) they did not receive the discounts they were promised, and received Products with market values lower than the promised market values.

88.     Plaintiff, on behalf of herself and all other members of the California Subclass, seeks an injunction prohibiting Defendant from continuing its unlawful practices in violation of the CLRA.

89.     In compliance with the provisions of California Civil Code § 1782, Plaintiff sent written notice to Defendant on January 28, 2026, informing Defendant of her intention to seek damages under California Civil Code § 1750.  The letter was sent via certified mail, return receipt requested, advising Defendant that it was in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. The letter expressly stated that it was sent on behalf of Plaintiff and "all other persons similarly situated."  Accordingly, if Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend her complaint to include a request for damages as permitted by Civil Code § 1782(d) for Defendant's violations of the CLRA.

**COUNT III**
**Violation of California's Unfair Competition Law**
**Bus. & Prof. Code § 17200, *et seq.***
**(On Behalf of Plaintiff and the California Subclass)**

90.     Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

91.     Plaintiff brings this claim individually and on behalf of the members of the California Subclass against Defendant.

92.     The UCL prohibits unfair competition in the form of "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act[.]"  Cal. Bus. & Prof. Code § 17200.  The UCL allows "a person who has suffered injury in

fact and has lost money or property" to prosecute a civil action for violation of the UCL.  Cal. Bus. & Prof. Code § 17204.  Such a person may bring such an action on behalf of himself or herself and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

93.     As alleged in detail above, and incorporated herein by reference, Defendant's false sale of the Products violates the UCL's proscription against engaging in **Unlawful Business Practices** through its violations of the FAL, Cal. Bus. & Prof. Code § 17500, *et seq.*; CLRA, Cal. Civ. Code §§ 1770-01, *et seq.*; and the FTC, 16 C.F.R. § 233.1, *et seq.*

94.     As alleged in detail above, Defendant's false discounts and deceptive strike-through pricing of the Products violate Sections 17500 and 17501 of the FAL (Cal. Bus. & Prof. Code §§ 17500-1) and Sections § 1770(a)(5), (9) and (13) of the CLRA. Cal. Civil Code § 1770. Furthermore, Defendant's false sales also violate Sections 233.1 and 233.2 of the FTC's regulations. 16 C.F.R. § 233.1

95.     Each of these acts and practices constitutes an independent violation of the FAL, CLRA, and FTC regulations and thus an independent violation of the UCL.

96.     Defendant has also violated the UCL's proscription against engaging **in Unfair Business Practices.**  Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code § 17200, *et seq.* in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

97.     There is no public utility to Defendant's false discounts. The gravity of the consequences of Defendant's conduct as described above outweigh any justification, motive, or reason thereof, particularly considering the available legal alternatives for sales offerings which exist in the marketplace. Defendant's false sales practices only injure healthy competition and harm consumers.

98.     Defendant also violated established public policy by violating the FAL, CLRA, and FTC's regulations. The unfairness of these practices is tethered to the legislatively declared policy from each of those statutes.

99.     Defendant has also violated the UCL's proscription against engaging **in Deceptive Business Practices.**  As alleged in detail above, Defendant committed deceptive acts by marketing false discounts in violation of the FAL, CLRA, and FTC regulations.

100.     Specifically, Defendant committed deceptive acts by misrepresenting that the Products were on sale, that the sale was time-limited, that it had a specific regular price, and that consumers were receiving discounts. These representations were false and misleading.

101.     Plaintiff and the California Subclass members could not have reasonably avoided this injury. Defendant's representations and omissions were deceptive to reasonable consumers like Plaintiff and the California Subclass.

\* \* \*

102.     For all prongs, Defendant's representations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing the Product. Defendant's representations were a substantial factor in Plaintiff's purchasing decision.

103.     In addition, class-wide reliance can be inferred because Defendant's representations were material, *i.e.*, a reasonable consumer would consider them important in deciding whether to purchase the Products.

104.     Defendant's violations have continuing and adverse effects because Defendant's unlawful conduct is continuing, with no indication that Defendant intends to cease this unlawful course of conduct.  The public and the California Subclass members are subject to ongoing harm because the unlawful and/or unfair business practices associated with the Products are still used by Defendant today.

105.     Defendant's representations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the members of the California Subclass.

106.     Plaintiff and the members of the California Subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if

they had known the discounts and/or regular prices were not real, (b) they overpaid for the Products because they were sold at a price premium due to the misrepresentation, and/or (c) they did not receive the discounts they were promised, and received Products with market values lower than the promised market values.

107.    Pursuant to California Business and Professional Code § 17203, Plaintiff and the California Subclass seek restitution, attorneys' fees, and all other relief that the Court deems proper.

**<u>COUNT IV</u>**
**Breach of Contract**
**(On Behalf of Plaintiff and the Nationwide Class)**

108.    Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

109.    Plaintiff brings this claim individually and on behalf of the Nationwide Class against Defendant under California law, or, in the alternative, on behalf of the respective state laws of the Nationwide Class, which are substantially similar to California's breach of contract law.

110.    Plaintiff and the Nationwide Class members entered into contracts with Defendant when they placed orders to purchase the Products.

111.    The contracts provided that Plaintiff and the Nationwide Class members would pay Defendant for the Products ordered.

112.    The contracts further required that Defendant provide Plaintiff and the False Sales Nationwide Class members with Products that have a market value equal to the regular prices displayed on the Website. They also required Defendant to provide Plaintiff and the Nationwide Class members with a discount equal to the difference between the price paid and the regular price advertised. These were specific and material terms of the contract.

113.    The listed regular price, and specific discounts, were a specific and material term of each contract, and were displayed to Plaintiff and the Nationwide Class members at the time they placed their orders.

114.    Plaintiff and the Nationwide Class members paid Defendant for the Products and satisfied all other conditions of their contracts.

115.    Defendant breached the contracts with Plaintiff and the Nationwide Class members by failing to provide the Products that had a regular price, former price, and/or prevailing market value equal to the regular prices displayed on its Website, and by failing to provide the promised discounts.

116.    Plaintiff provided Defendant with notice of this breach of contract by mailing a notice letter to Defendant's headquarters and to Defendant's registered agent on January 28, 2026.

117.    As a direct and proximate result of Defendant's breaches, Plaintiff and the False Nationwide Class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

118.    For the breach of contract claims, Plaintiff seeks all damages available, including expectation damages and/or damages measured by the price premium charged to Plaintiff and the Nationwide Class as a result of Defendant's unlawful conduct.

<u>**COUNT V**</u>
**Breach of Express Warranty**
**(On Behalf of Plaintiff and the Nationwide Class)**

119.     Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

120.    Plaintiff brings this claim individually and on behalf of the Nationwide Class against Defendant under California law, or, in the alternative, on behalf of the respective express warranty laws of the Nationwide Class, which are substantially similar to California's express warranties.[10]

----

[10]While discovery may alter the following, Plaintiff asserts that the states with similar express warranty laws under the facts of this case include, but are not limited to: Alaska Stat. § 45.02.313; A.R.S. § 47-2313; Ark. Code § 4-2-313; Cal. Com. Code § 2313; Colo. Rev. Stat. § 4-2-313; Conn. Gen. Stat. § 42a-2-313; 6 Del. C. § 2-313; D.C. Code § 28:2 313; Ga. Code § 11-2-313; HRS § 490:2- 313; Idaho Code § 28-2-313; 810 ILCS 5/2-313; Ind. Code § 26-1-2-313; K.S.A. § 84-2-313; KRS § 355.2-313; 11 M.R.S. § 2-313; Mass. Gen. Laws Ann. ch. 106 § 2-313; Minn. Stat. § 336.2-313; Miss. Code Ann. § 75-2-313; R.S. Mo. § 400.2-313; Mont. Code Anno. § 30-2 313; Neb. Rev. Stat. § 2- 313; Nev. Rev. Stat. Ann. § 104.2313; RSA 382-A:2 313; N.J. Stat. Ann. § 12A:2-313; N.M. Stat. Ann. § 55-2-313; N.Y. U.C.C. Law § 2-313; N.C. Gen. Stat. § 25-2-313; N.D. Cent. Code § 41-02-30; ORC Ann. § 1302.26; 12A Okl. St. § 2-313; Or. Rev. Stat. § 72-3130; 13 Pa. C.S. § 2313; R.I. Gen. Laws § 6A-2-313; S.C. Code Ann. § 36-2-313; S.D. Codified

121.    Defendant, as the marketer, distributor, supplier, and seller of the Products, issued material written warranties by advertising that Products had a market value equal to the regular price displayed on Defendant's Website. This was an affirmation of fact about the Products (*i.e.*, a representation of their market value) and a promise relating to the goods.

122.    This warranty was part of the basis of the bargain and Plaintiff and members of the Nationwide Class relied on this warranty.

123.    In fact, the stated market value was not the market value. Thus, the warranty was breached.

124.    Plaintiff provided Defendant with notice of this breach of warranty by mailing a notice letter to Defendant's headquarters and to Defendant's registered agent on January 28, 2026.

125.    Plaintiff and the Nationwide Class members were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased the Products if they had known that the warranties were false, (b) they overpaid for the Products because they were sold at a price premium due to the warranties, and/or (c) they did not receive the Products as warranted that they were promised.

126.    For her breach of express warranty claims, Plaintiff seeks all damages available including expectation damages and/or damages measured by the price premium charged to Plaintiff and the Nationwide Class as a result of Defendant's unlawful conduct.

## COUNT VI
### Negligent Misrepresentation
### (On Behalf of Plaintiff and the Nationwide Class)

127.    Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

128.    Plaintiff brings this claim individually and on behalf of the Nationwide Class against Defendant under California law, or, in the alternative, on behalf of the respective state laws

---

Laws, § 57A 2-313; Tenn. Code Ann. § 47-2-313; Tex. Bus. & Com. Code § 2.313; Utah Code Ann. § 70A-2-313; 9A V.S.A. § 2-313; Va. Code Ann. § 59.1-504.2; Wash. Rev. Code Ann. § 62A.2-313; W. Va. Code § 46- 2-313; and Wyo. Stat. § 34.1-2-31.

of the Nationwide Class, which are substantially similar to California's negligent

misrepresentation laws.

129.    As discussed above, Defendant made false representations and material omissions

of fact to Plaintiff and the Nationwide Class concerning the Products discounts and strikethrough

prices.

130.    These representations were false.

131.    When Defendant made these misrepresentations and material omissions of fact, it

knew or should have known that they were false or misleading. Defendant had no reasonable

grounds for believing that these representations were true or that the material omissions were not

misleading when made.

132.    Defendant intended that Plaintiff and the Nationwide Class members rely on these

representations and material omissions of fact and Plaintiff reasonably relied on them.

133.    In addition, class-wide reliance can be inferred because Defendant's

misrepresentations and omissions were material, *i.e.*, a reasonable consumer would consider them

important in deciding whether to purchase the Products.

134.    Defendant's misrepresentations and omissions were a substantial factor and

proximate cause in causing damages and losses to Plaintiff and the Nationwide Class members.

135.    Plaintiff and the members of the Nationwide Class were injured as a direct and

proximate result of Defendant's conduct because (a) they would not have purchased the Products if

they had known the discounts and/or regular prices were not real, (b) they overpaid for the

Products because they were sold at a price premium due to the misrepresentations, and/or (c) they

did not receive the discounts they were promised, and received Products with market values lower

than the promised market values.

136.    For the negligent misrepresentation claims, Plaintiff seeks all damages available,

including expectation damages, punitive damages, and/or damages measured by the price premium

charged to Plaintiff and Nationwide Class as a result of Defendant's unlawful conduct.

1

2

**COUNT VII**
**Intentional Misrepresentation**
**(On Behalf of Plaintiff and the Nationwide Class)**

3       137.    Plaintiff re-alleges and incorporates by reference every allegation set forth in the

4   preceding paragraphs as though alleged in this Count.

5       138.    Plaintiff brings this claim individually and on behalf of the Nationwide Class

6   against Defendant under California law, or, in the alternative, on behalf of the respective state laws

7   of the Nationwide Class, which are substantially similar to California's intentional

8   misrepresentation laws.

9       139.    As discussed above, Defendant made false representations and material omissions

10  of fact to Plaintiff and the Nationwide Class concerning the Products discounts and strikethrough

11  prices.

12      140.    These representations and material omissions of fact were false and misleading.

13      141.    When Defendant made these misrepresentations and material omissions of fact, it

14  knew that they were false and misleading at the time they were made and/or Defendant acted

15  recklessly in making the misrepresentations and omissions.

16      142.    Defendant intended that Plaintiff and the Nationwide Class members rely on these

17  representations and material omissions of fact and Plaintiff reasonably relied on them.

18      143.    In addition, class-wide reliance can be inferred because Defendant's

19  misrepresentations and omissions were material, *i.e.*, a reasonable consumer would consider them

20  important in deciding whether to purchase the Products.

21      144.    Defendant's misrepresentations and omissions were a substantial factor and

22  proximate cause in causing damages and losses to Plaintiff and the Nationwide Class members.

23      145.    Plaintiff and the members of the Nationwide Class were injured as a direct and

24  proximate result of Defendant's conduct because (a) they would not have purchased the Products if

25  they had known the discounts and/or regular prices were not real, (b) they overpaid for the

26  Products because they were sold at a price premium due to the misrepresentation, and/or (c) they

27

28

did not receive the discounts they were promised, and received Products with market values lower than the promised market values.

146. For the intentional misrepresentation claims, Plaintiff seeks all damages available, including expectation damages, punitive damages, and/or damages measured by the price premium charged to Plaintiff and the Nationwide Class as a result of Defendant's unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

a. For an order certifying the Classes and naming Plaintiff as a representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Classes;

b. For an order declaring Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

d. For actual, expectation, reliance, compensatory, statutory, and/or punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For recission, restitution and all other forms of equitable relief;

g. For injunctive relief as pleaded or as the Court may deem proper; and

h. For an order awarding Plaintiff and the Class their reasonable attorneys' fees, expenses, and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: January 30, 2026                    Respectfully submitted,

                                           **GUCOVSCHI LAW FIRM, PLLC.**

                                           By:    _/s/ Adrian Gucovschi_

                                           Adrian Gucovschi (State Bar No. 360988)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Nathaniel Haim Sari (State Bar No. 362634)
140 Broadway, Fl. 46
New York, NY 10005
Telephone: (212) 884-4230
Facsimile: (212) 884-4230
E-Mail: adrian@gucovschilaw.com
         nathaniel@gucovschilaw.com

Frank S. Hedin (SBN 291289)
**HEDIN LLP**
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-Mail: fhedin@hedinllp.com


*Attorney for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Adrian Gucovschi, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court.  I am a partner at Gucovschi Law Firm, PLLC, counsel of record for Plaintiff Pooja Prakash in this action.  Plaintiff Pooja Prakash alleges that she is a citizen of California who resides in Rancho Cordova, California.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that Defendant Wayfair, LLC, regularly does business in the Eastern District of California, and a substantial portion of the events alleged in the Complaint, including the same misrepresentations, omissions, and injures as alleged herein, have occurred in this District.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed at Miami, Florida, this 30th day of January, 2026.

 /s/ Adrian Gucovschi
Adrian Gucovschi