Adrian Gucovschi (State Bar No. 360988)
**GUCOVSCHI LAW FIRM, PLLC**
165 Broadway, 23rd Floor
New York, New York 10006
Telephone: (212) 884-4230
E-Mail: adrian@gucovschilaw.com

Frank S. Hedin (SBN 291289)
**HEDIN LLP**
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-Mail: fhedin@hedinllp.com

*Counsel for Plaintiff and Putative Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| POOJA PRAKASH, individually and on behalf of all others similarly situated, | Case No. 2:26-cv-00263-DAD-CKD |
| Plaintiff, | **DECLARATION OF ADRIAN GUCOVSCHI IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION** |
| v. | |
| WAYFAIR LLC, | |
| Defendant. | |

DECLARATION OF ADRIAN GUCOVSCHI

I, Adrian Gucovschi, declare as follows:

1.      I am an attorney duly licensed to practice in the State of California and am a partner at Gucovschi Law Firm, PLLC.  I am counsel of record for Plaintiff Pooja Prakash in this action. I make this declaration in support of Plaintiff's Opposition to Defendant Wayfair, LLC's Motion to Compel Arbitration and Dismiss or Stay Action. I have personal knowledge of the facts set forth below, and if called upon to testify, I could and would testify competently thereto.

***The Google One Tap "Terms of Service" Hyperlink.***

2.      On April 17, 2026, I conducted a test of the Google One Tap prompt presented to consumers on Wayfair's website, www.wayfair.com. The purpose of the test was to determine what document, if any, a consumer is shown when she clicks the "Terms of Service" hyperlink within Google's One Tap account-creation prompt.

3.      I first performed the test using the Google Chrome browser on my Apple iPhone 17 Pro Max. After arriving on Wayfair's homepage, a Google One Tap prompt appeared displaying the text "Sign in to Wayfair with Google." After clicking on that button, I was directed to choose an account. Beneath the account selector, an advisal stated: "Before using this app, you can review Wayfair's Privacy Policy and Terms of Service." The phrase "Terms of Service" appeared as a hyperlink. The underlying URL of that hyperlink was:

https://www.wayfair.com/customerservice/general_info.php?location=terms

4.      I clicked the "Terms of Service" hyperlink. Rather than open Wayfair's Terms of Use, the hyperlink redirected my browser to Wayfair's Privacy Policy. The exact URL of the landing page was: https://www.wayfair.com/terms?csnid=&csnutid=711377c2-ac2c-4ee0-9c72-d47675a9236e&txid=rvR6XRRIS8qTNIfuVyQPZw%3D%3D

5.      After I selected my Google account, a second prompt appeared, which stated: "Review Wayfair's Privacy Policy and Terms of Service to understand how Wayfair will process and protect your data." The phrase "Terms of Service" appeared as a hyperlink. The underlying URL of that hyperlink was identical to the one in the first prompt:

https://www.wayfair.com/customerservice/general_info.php?location=terms

6. I clicked the "Terms of Service" hyperlink in the second prompt. Again, rather than open Wayfair's Terms of Use, the hyperlink redirected my browser to Wayfair's Privacy Policy. The exact URL of the landing page was:

https://www.wayfair.com/terms?csnid=&csnutid=711377c2-ac2c-4ee0-9c72-d47675a9236e&txid=yfM00uDATdW6HMDRDE1VqQ%3D%3D

7. True and correct copies of the two Google One Tap prompts as they appeared on my mobile device are attached hereto as Exhibit A. A true and correct copy of the Privacy Policy landing page returned by clicking the "Terms of Service" hyperlink on my mobile device is attached hereto as Exhibit B.

8. On April 20, 2026, I repeated the test using the Microsoft Edge browser on a standard desktop computer running Microsoft Windows. I observed the same Google One Tap prompts, containing the identical "Terms of Service" hyperlink. I clicked the hyperlink. As on mobile, the hyperlink redirected my browser to Wayfair's Privacy Policy — not to Wayfair's Terms of Use. The exact URL of the landing page was:

https://www.wayfair.com/terms?csnid=&csnutid=4c6b124d-48e9-4d88-a4e3-07c88bcd764c&txid=TY9WqBmQSsitFxFWXcKwPQ%3D%3D

9. True and correct copies of the Google One Tap prompts as they appeared on my desktop device are attached hereto as Exhibit C. A true and correct copy of the Privacy Policy landing page returned by clicking the "Terms of Service" hyperlink on my desktop device is attached hereto as Exhibit D.

10. In both instances — mobile and desktop — the "Terms of Service" hyperlink in the Google One Tap prompt did not lead to Wayfair's Terms of Use. It led to Wayfair's Privacy Policy, an entirely different document.

11. I reviewed Wayfair's Privacy Policy in full. The Privacy Policy does not contain an arbitration clause, a class-action waiver, a delegation provision, a jury-trial waiver, a mass-arbitration protocol, a liquidated-damages clause, or any of the provisions Wayfair relies upon in its Motion to Compel Arbitration. No reference to arbitration appears in the Privacy Policy.

*Wayfair's Terms of Use — Actual Length on Mobile and Desktop.*

12.     On April 20, 2026, I used the Internet Archive's Wayback Machine to retrieve the version of Wayfair's Terms of Use captured on June 12, 2025, which reflects the same March 6, 2025 Terms in effect at the time of Plaintiff's purchase. The archived URL is:

https://web.archive.org/web/20250612211358/https://www.wayfair.com/terms?section=terms-of-use

13.     I navigated to the archived Terms of Use using the Google Chrome browser on my Apple iPhone 17 Pro Max, and rendered the Terms as they appear to a consumer reading them on a standard mobile device, without zooming in or out. I then captured a full-page screenshot and used Adobe to reconstruct the screenshot into a PDF while preserving the page's native width and dimensions.

14.     The Terms of Use as rendered on my mobile device span 41 pages. The arbitration provision appears on page 21 of 41. A true and correct copy of the Terms of Use as rendered on my mobile device is attached hereto as Exhibit E.

15.     On the same date, I navigated to the same archived URL using the Microsoft Edge browser on my desktop computer, at actual display width (that is, without reducing the zoom level). I captured a full-page screenshot and used Adobe to reconstruct the screenshot into a PDF while preserving the page's native width and dimensions. The Terms of Use as rendered at actual desktop width span 9 pages, with the arbitration provision appearing on page 6 of 9. A true and correct copy of the Terms of Use as rendered on a desktop browser at actual width is attached hereto as Exhibit F.

GUCOVSCHI DECLARATION
CASE NO. 2:26-CV-00263-DAD-CKD

16.     I have reviewed Exhibit B to the Declaration of Jonathan O'Callaghan, which Defendant submits as a purported "replica" of the Terms of Use. Exhibit B to the O'Callaghan Declaration displays the Terms of Use in a zoomed-out desktop view in which the arbitration provision appears on what looks to be page 4 of a 6-page document. That rendering does not correspond to the document any consumer would actually see: at actual desktop width, the Terms run 9 pages (arbitration on page 6), and on a mobile device — the device Plaintiff used — the Terms run 41 pages (arbitration on page 21).

17.     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 24th day of April, 2026 in Miami, Florida.


                                        /s/ Adrian Gucovschi
                                        Adrian Gucovschi

GUCOVSCHI DECLARATION
CASE NO. 2:26-CV-00263-DAD-CKD