Adrian Gucovschi (State Bar No. 360988)
**GUCOVSCHI LAW FIRM, PLLC**
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 884-4230
E-Mail: adrian@gucovschilaw.com

Frank S. Hedin (SBN 291289)
**HEDIN LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Telephone: (305) 357-2107
E-Mail: fhedin@hedinllp.com

*Counsel for Plaintiff and Putative Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| POOJA PRAKASH, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>     v.<br><br>WAYFAIR LLC,<br><br>        Defendant. | Case No. 2:26-cv-00263-DAD-CKD<br><br>**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY ACTION**<br><br>Judge: Hon. Dale A. Drozd |

Pursuant to E.D. Cal. L.R. 230(m), Plaintiff Pooja Prakash brings to the Court's attention a recent opinion captioned *Judge v. Academia, Inc.*, No. 25-cv-05857-AMO, 2026 U.S. Dist. LEXIS 101825 (N.D. Cal. May 7, 2026), attached as **Exhibit A**. This opinion is relevant to Plaintiff's Opposition to Defendant's Motion to Dismiss and Compel Arbitration (ECF Nos. 13, 16).

In *Judge*, the court denied a motion to compel arbitration premised on two Google sign-in interfaces. The first Google sign-in advised users that: "By clicking Accept, you allow this app and Google to use your information in accordance with their respective terms of service and privacy policies. You can change this and other Account Permissions at any time." *Id.* at *6-7. The court held that this advisal "limited its scope to 'use [of] your information,'" such that "[i]f there was reasonably conspicuous notice of any agreement, it was limited to terms about use of personal information, not arbitration of disputes." *Id.* at *9 (citing *Herzog v. Superior Ct.*, 101 Cal. App. 5th 1280, 1200 321 Cal. Rptr. 3d 93 (2024)). The court further held that there was no manifestation of assent to arbitration "since the advisal created ambiguity" over the scope of terms. *Id.*

The second Google pop-up advised users that: "To continue, google.com will share your name, email address, and profile picture with this site. See this site's privacy policy and terms of service." *Id.* at *11. The court held that "[a]ssuming without deciding" that the advisal was reasonably conspicuous, a user could not have unambiguously manifested assent to the terms because the pop-up "did not include any clause explaining that a particular action would constitute agreement to the Terms of Use." *Id.* The court also rejected the defendant's argument that the plaintiff's repeated use of the website constituted acceptance of the terms. *Id.* at *12–14.

The Google pop-out language in *Judge* is identical to the Google One Tap language at issue here: "To continue, google.com will share your name, email address and profile picture with this site. See this site's privacy policy and terms of service." O'Callaghan Decl. ¶ 11, ECF No. 13-3. This is relevant to Sections II.B.1 and II.B.2 of Plaintiff's Opposition, which address the same Google pop-out interface, narrow data-sharing language, and continued-use arguments advanced by Defendant.

Dated: May 26, 2026                    Respectfully submitted,

By:    */s/ Adrian Gucovschi*
Adrian Gucovschi
**GUCOVSCHI LAW FIRM, PLLC.**
Adrian Gucovschi (SBN 360988)
165 Broadway, 23rd Floor
New York, NY 10006
Telephone: (212) 884-4230
E-Mail: adrian@gucovschilaw.com

Frank S. Hedin (SBN 291289)
**HEDIN LLP**
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Telephone: (305) 357-2107
E-Mail: fhedin@hedinllp.com
*Attorneys for Plaintiff*