Joanna Forster (SBN 244943)
JForster@crowell.com
Clay Marquez (SBN 268424)
CMarquez@crowell.com
**CROWELL & MORING LLP**
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 986-2800
Facsimile: (415) 986-2827

Tiffany Aguiar (SBN 335827)
TAguiar@crowell.com
**CROWELL & MORING LLP**
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
Facsimile: (949) 263-8414

*Attorneys for Defendant*
Wayfair LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| POOJA PRAKASH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAYFAIR LLC,<br><br>Defendant. | Case No. 2:26-cv-00263-DAD-CKD<br><br>**DEFENDANT WAYFAIR LLC'S REQUEST TO STRIKE PLAINTIFF'S NON-COMPLIANT NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Judge: Hon. Dale A. Drozd |

Defendant Wayfair LLC ("Defendant") hereby asks the Court to strike Plaintiff Pooja Prakash's ("Plaintiff") Notice of Supplemental Authority, filed on May 26, 2026 (the "Notice," Dkt. 18), on the grounds that it does not comply with either this District's Local Rules, or this Court's Standing Order, and, to the extent it contains arguments, constitutes an improper sur-reply.

Local Rule 230(m)(2), which governs supplemental or subsequent authority, provides that "[a]ny party may file a notice of supplemental authority to bring the Court's attention to a relevant judicial opinion issued after the date that party's opposition or reply was filed. The notice of supplemental authority may contain a citation to the new authority **but may not contain additional argument on the motion**." (emphasis added). Moreover, this Court's Standing Order provides that "[n]o supplemental briefs shall be filed without prior leave of court." *See* Standing Order I.B.

Plaintiff's Notice of Supplemental Authority violates both rules in that it (1) contains additional argument, and, as such (2) constitutes a supplemental brief filed without leave of court. Plaintiff did not just cite to (and attach) *Judge v. Academia, Inc.*, No. 25-cv-05857-AMO, 2026 U.S. Dist. LEXIS 101825 (N.D. Cal. May 7, 2026), as permitted by Local Rule 230(m)(2), but spent a page explaining why the case is favorable to her, quoting it, and explaining its application to Defendants' Motion to Compel Arbitration and Dismiss or Stay the Action.[1] As such, the Notice and all argument should be stricken in its entirety. The Court is, of course, free to review, read and consider the *Judge v. Academia, Inc.* case and its application to Defendants' Motion, if any.

Dated: May 27, 2026

CROWELL & MORING LLP

By: */s/ Joanna Forster*
Joanna Forster
Clay Marquez
Tiffany Aguiar

*Attorneys for Defendant*
Wayfair LLC

[1] In addition, Plaintiff has mischaracterized *Judge* and selectively (and self-servingly) quoted it.