# Schlueter-Beckner v. Simplisafe, Inc.

United States Court of Appeals for the Ninth Circuit

May 21, 2026, Argued and Submitted, San Francisco, California; August 31, 2026, Filed

No. 25-4933

**Reporter**
2026 U.S. App. LEXIS 26570 *; 2026 LX 414006; 2026 WL 2566497

TRAVIS SCHLUETER-BECKNER; ZACH BABKA, individually and on behalf of all similarly situated individuals, Plaintiffs - Appellees, v. SIMPLISAFE, INC., a Delaware corporation, Defendant - Appellant.

**Notice:** PLEASE REFER TO *FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1* GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**Prior History:** **[*1]** Appeal from the United States District Court for the Northern District of California. D.C. No. 3:25-cv-01764-CRB. Charles R. Breyer, District Judge, Presiding.

*Schlueter-Beckner v. SimpliSafe, Inc., 2025 U.S. Dist. LEXIS 146568, 2025 WL 2162948 (July 30, 2025)*

**Disposition:** AFFIRMED in part, REVERSED in part.

**Counsel:** For TRAVIS SCHLUETER-BECKNER, ZACH BABKA, individually and on behalf of all similarly situated individuals, Plaintiffs - Appellees: Mr. Elliot Siegel, King & Siegel, LLP, Los Angeles, CA; Mr. Glenn Danas, Christen Chapman, Attorney, Clarkson Law Firm, PC, Malibu, CA; Brent A. Robinson, Clarkson Law Firm, PC, San Francisco, CA.

For SIMPLISAFE, INC., a Delaware corporation, Defendant - Appellant: Thomas Hopson, Associate, Jones Day, Washington, DC; Anthony Jacob Jeffries, Attorney, Jones Day, Washington, DC; Mr. John A. Vogt, Trial Attorney, Goodwin Procter, LLP, Newport Beach, CA; Mr. Nathaniel Garrett, Attorney, San Francisco, CA.

**Judges:** Before: COLLINS, JOHNSTONE, and DE ALBA, Circuit Judges.

## Opinion

MEMORANDUM[*]

SimpliSafe, Inc. appeals the district court's order granting only in part its motion to compel arbitration in the diversity action plaintiffs Travis Schlueter-Beckner and Zach Babka ("Plaintiffs") brought. SimpliSafe seeks to compel arbitration based on the provisions in its Terms of Sale and Terms of Service, which it argues Plaintiffs accepted by purchasing security hardware from SimpliSafe's website and again by enrolling in a trial of SimpliSafe's alarm-monitoring **[*2]** service. We have jurisdiction under *9 U.S.C. § 16(a)(1)(B)*, and we affirm in part and reverse in part.

We review the denial of a motion to compel arbitration de novo. *Godun v. JustAnswer LLC, 135 F.4th 699, 708 (9th Cir. 2025)*. In determining whether the parties have agreed to arbitrate a particular dispute, federal courts use "general state-law principles" of contract formation. *Johnson v. Walmart Inc., 57 F.4th 677, 681-82 (9th Cir. 2023)* (citation omitted); *see also* *Chabolla v. ClassPass Inc., 129 F.4th 1147, 1154 (9th Cir. 2025)*. Under California law, sign-in wrap agreements may be enforceable if "(1) the website provides reasonably conspicuous notice of the

[*] This disposition is not appropriate for publication and is not precedent except as provided by *Ninth Circuit Rule 36-3*.

terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." Keebaugh v. Warner Bros. Ent. Inc., 100 F.4th 1005, 1014 (9th Cir. 2024) (citation omitted); ***see also*** Sellers v. JustAnswer, LLC, 73 Cal. App. 5th 444, 461, 464, 289 Cal. Rptr. 3d 1 (2021).

1. The parties did not enter into an arbitration agreement by way of a sign-in wrap agreement when Plaintiffs purchased security hardware from SimpliSafe's website because the proposed terms of the agreement were not reasonably conspicuous. To determine whether a website provides reasonably conspicuous notice of terms to which consumers will be bound, courts look at two factors: (1) the visual design of the webpages and (2) the context of the transaction. Sellers, 73 Cal. App. 5th at 472-73, 477-78.

We find that SimpliSafe did not display the disclosure **[*3]** of its Terms of Sale and Terms of Service "in a font size and format such that the court can fairly assume that a reasonably prudent Internet user would have seen it." *See* Berman v. Freedom Fin. Network, LLC, 30 F.4th 849, 856-57 (9th Cir. 2022). While SimpliSafe correctly observes that the district court focused on the bottom "Place order" button and did not examine the other notice on the right side of the page, this does not warrant reversal. Because the fill-in items that required action and attention from the consumer were all in the left-hand column, the overall design of the page deemphasized the right column and drew focus toward the "Place order" button at the bottom of the left column. *See* Cruz v. Tapestry, Inc., 113 Cal. App. 5th 943, 954, 957-59, 335 Cal. Rptr. 3d 906 (2025). This emphasis is reinforced by the fact that the preceding "Shipping" webpage in the purchase process similarly placed the fill-in items on the left-hand side, with a similar blue action button at the bottom. Chabolla, 129 F.4th at 1155 ("[T]he . . . visual aspects of every page of a multi-page transaction should be considered together."). Moreover, SimpliSafe presented no evidence to show that Plaintiffs *must* have used the "Place order" button on the right-hand side or must have read the disclosure on that side to finalize their purchase. Therefore, any insufficiency with the bottom **[*4]** disclosure—which may have been the only disclosure the user saw—would mean SimpliSafe failed to show its webpage provided reasonably conspicuous notice.

We agree with the district court that the bottom disclosure failed to provide reasonably conspicuous notice. The disclosure's placement, font size, and font color drew the user's attention away from the disclosure. There was significant white space between the disclosure and the "Place order" button; the text of the "Place order" button was seemingly twice the size of the disclosure's text; and the "Place order" button contrasted more against the white background than the disclosure's gray text. "Even text that is just slightly smaller, or slightly further away from the box or button the consumer must click on must, at some point, exceed the limits of what constitutes adequate notice." Sellers, 73 Cal. App. 5th at 481-82.

The other elements on the purchasing webpage, especially the other notice directly above the bottom disclosure, confirm the disclosure's inconspicuousness. Above the bottom disclosure, the purchasing webpage includes a line of text warning users their credit card information would be automatically saved to the account for future use. This warning is **[*5]** in larger font than the disclosure, italicized, and in navy text against the light gray background. As a result of these design choices, the credit card notice contrasts starkly on the page and draws the eye. So, while SimpliSafe utilized design elements to ensure the user saw the warning about retaining credit card information, "they have not done the same to alert a consumer to the Terms of Use." Cruz, 113 Cal. App. 5th at 959.

Finally, "while it is permissible to disclose terms and conditions through a hyperlink, the fact that a hyperlink is present must be readily apparent." Berman, 30 F.4th at 857. In other words, underscoring alone will not be sufficient to overcome an otherwise inconspicuous notice. *See* Sellers, 73 Cal. App. 5th at 481; Keebaugh, 100 F.4th at 1014.

Because the placement, font size, and color all create "an impression of visual discontinuity," and the visual design does not "capture the user's attention and direct [the user] to the notice," the notice at issue here cannot be

considered reasonably conspicuous. *See* Godun, 135 F.4th at 713-14.[1] Accordingly, we affirm the district court's finding that no agreement was formed when Plaintiffs purchased security hardware from SimpliSafe's website.

2. We also affirm the district court's finding that no agreement was formed when Plaintiffs completed **[*6]** the first two alarm-monitoring trial webforms. The webform disclosure contains two features that defeat an agreement.

First, SimpliSafe presented the proposed terms as "SimpliSafe Terms and Consent to Communicate, for Notifications and Alerts." The context of the disclosure would lead a reasonable consumer to believe the disclosure only pertained to communications, as the compound phrase appears only on the webforms seeking contact information.

Second, SimpliSafe did not clearly define the action required to accept its proposed terms. "Explicit advisement generally looks like an explanatory clause, usually at the beginning of an advisal—for example: *By clicking* the Continue >> button, you agree to the Terms & Conditions." Godun, 135 F.4th at 711 (internal quotation marks omitted). Here, the disclosure stated "[b]y submitting this number" Plaintiffs agreed to the terms, but the action button on the webform only stated "Next." This mismatch of terms could easily confuse users. *Id.* ("[A] webpage must *explain* that certain actions will be understood by the offeror to signal assent to contractual terms. . . . [a]nd it must identify what, *exactly*, those actions are." (second emphasis added)). For instance, a user **[*7]** could reasonably believe that their number was not "submitted" until the user completed the entire sign-up process, not just the individual webforms included in the sign-up process. *See* Chabolla, 129 F.4th at 1158.

3. The parties agree an arbitration agreement formed with Schleuter-Beckner under the alarm-monitoring Terms of Service webform that was presented only to him. We must determine whether the parties clearly and unmistakably delegated the threshold question of arbitrability. *See* First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942-44, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995). As was done in SimpliSafe's Terms of Service, "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th Cir. 2015). While users were required to take multiple steps to reach it, the path clearly led to the delegation provision, which constitutes "clear and unmistakable" evidence that the parties agreed to delegate the question of arbitrability. *Id.* Although the district court's delegation finding turned on the parties' sophistication, sophistication is only relevant in this case within the context of Plaintiffs' unconscionability challenge.[2] *See* Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1283 (9th Cir. 2006). Because the parties clearly and unmistakably delegated the question of arbitrability, we reverse the district court's **[*8]** denial of the motion to compel arbitration and remand with instructions to compel arbitration of all of Schlueter-Beckner's claims, subject to the arbitrator's resolution of any dispute as the scope of arbitrability.

**AFFIRMED in part, REVERSED in part**.

End of Document

[1] Assuming *arguendo* the parties here contemplated a continuous relationship, SimpliSafe was still obligated to provide sufficiently conspicuous notice of terms and conditions. Berman, 30 F.4th at 856. Thus, while courts typically expect a reasonable internet user to be more vigilant in looking for contractual terms in the context of a continuous relationship, the continuous relationship potentially contemplated here cannot overcome the webpage's fatal design flaws. Godun, 135 F.4th at 709-10, 713.

[2] Plaintiffs do not challenge the district court's determination that the arbitration provision was not unconscionable on appeal to this court.